IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

IN RE:                                  )
                                        )       CHAPTER 11
RICHARD D. BAYS                         )
                                        )
        Debtor.                         )       CASE NO.  11-72355
_____

## MEMORANDUM DECISION

The matter before the Court in this Chapter 11 case is the Debtor's Application to Approve Employment of Attorneys ("the Application"), to which objections have been filed by the United States Trustee and Laura D. Bays, an interested party. The matter came on for hearing in Abingdon on May 8, 2013 and was taken under advisement. For the reasons set forth below the Court will deny the Application.

FINDINGS OF FACT

This case under Chapter 11 of the Bankruptcy Code was filed by the Debtor on November 21, 2011. On December 20, 2011 the Debtor filed an Application for Order Approving Employment of Attorney John M. Lamie, Esq. and his firm Browning, Lamie & Gifford, P.C. The Court approved this Application by Order entered January 24, 2012. Thereafter the Debtor operated as a debtor in possession but never filed any Chapter 11 plan either of reorganization or liquidation. On October 1, 2012 the United States Trustee filed a Motion to Convert the case to Chapter 7. A hearing was held on October 17, 2012 on the Motion to Convert and Mr. Lamie stated that the Debtor would voluntarily convert his case to Chapter 7 on November 6, 2012 if a deal was not reached in the companion case of Miners Oil. The Motion was initially continued to October 19, 2012 and ultimately continued to November

7, 2012. On November 5, 2012 Miners Oil filed a Comment on the Motion to Convert filed by the United States Trustee stating that, without withdrawing the Chapter 11 plan it proposed,[1] Miners did not oppose appointment of a Chapter 11 Trustee. At that hearing on November 7, 2012, the Debtor testified, opposing conversion to Chapter 7 and requesting more time to file a plan. After arguments and evidence were presented, the Court ruled from the bench and held that appointment of a Chapter 11 Trustee was in the best interests of the creditors. The Court expressly stated that Mr. Bays was free to file a motion to convert to Chapter 7 or to file a plan himself. The Court entered an Order on November 9, 2012 directing the U.S. Trustee to appoint a Chapter 11 Trustee. On November 15, 2012 George I. Vogel, II, Esq. was appointed to serve as the Chapter 11 Trustee in this case and has continued to serve in that capacity since that time. Throughout this time the Debtor has been represented by Mr. Lamie. On March 6, 2013 Lawrence J. Anderson, Esq. appeared on behalf of the Debtor and requested a continuance on the Chapter 11 Trustee's Motion to Sell and the Debtor's Motion to Abandon in order to have the opportunity to familiarize himself with the case. On March 6, 2013 Mr. Lamie filed a Motion to Withdraw As Counsel, which the Court declined to grant before the Debtor's continuing representation by someone is resolved. Accordingly, that motion has been held in abeyance until the issue of the Debtor's legal representation is resolved.[2] The Court set a special hearing date of

---

[1] Miners Oil filed a Chapter 11 Plan of Reorganization in this case on August 14, 2012. It was amended on September 5, 2012. This Plan proposed that an independent attorney serve as trustee of the Debtor's property for the benefit of the creditors in accordance with the provisions of the Plan.

[2] Mr. Lamie has never noticed his motion for a hearing and has since stated in court that he was willing to continue as counsel of record for the Debtor until Mr. Anderson's status as counsel is clearly established.

2

April 10, 2013 to take up the various matters which had been scheduled for the March 6 docket at which Mr. Anderson first appeared and requested that Mr. Anderson file a notice of appearance. Instead of a notice of appearance, however, Mr. Anderson, on behalf of the Debtor, filed the previously mentioned Application[3] on March 29. The docket entry for the Application states that it was filed by "Debtor In Possession Richard D. Bays." The Application sets forth, "The Debtor in Possession continues in possession of his exempt property, and opposes many of the actions of the chapter 11 trustee." (Application ¶ 4). It goes on to state that the professional services the firm will render include, "giving the Debtor in Possession legal advice with respect to their powers and duties as Debtors-in-Possession." (Application ¶ 7(a)). The Application states that the firm has agreed to accept an initial retainer fee of $10,000 and a secondary deposit of $20,000. It continues that:

> All work will be at an hourly rate, and additional fees will be paid through the Debtor in Possession's post-petition earnings, property of the bankruptcy estate, the debtor's exempt property, or an outside funding source that will be disclosed to the court. To date, the Debtor-in-Possession has paid the initial deposit of $10,000, all of which remains in the trust account of Pels, Anderson L.L.C. for the debtor in possession. The Applicant is holding a check payable to Richard D. Bays in the amount of $81,068.04 drawn on an ING USA Annuity Life Insurance company. Debtor has represented to the applicant that this check is the proceeds from the Debtor's Individual Retirement Account that is exempt property of the bankruptcy estate.

(Application ¶ 9-10). The Application also "reserves the right to seek compensation from the assets of the estate, upon seeking and obtaining separate interim or final approval for said compensation from the Court." (Application ¶ 11). A Memorandum of Law was attached to the

---

[3] This Application seeks the Court's approval of the Debtor's employment of the firm of Pels, Anderson L.L.C. along with employment of Lawrence J. Anderson, Esq.; Jon D. Pels, Esq.; Justin M. Reiner, Esq.; and Jennifer Schiffer, Esq.

Application which references the requirements under 11 U.S.C. § 327, as well as F.R. Bankr. P. 2014, which provides that the Court will approve employment only on application of the trustee. It asserts the "Debtor-in-Possession" has complied with all notice requirements under F.R. Bankr. P. 1007(c), 2002, 2014, 7004, 7005, 9013 and 9014 and L.R. Bankr. P. 9013-1, and that his counsel has complied with the requirements of F.R. Bankr. P. 9013 and L.R. Bankr. P. 9013-1.

On April 5, 2013 Richard E.B. Foster, Esq., on behalf of the Debtor's estranged wife, Laura D. Bays, filed an Objection to the Application. Her objection revolves around the funds used and proposed to be used to pay Mr. Anderson. She alleges that the IRA funds mentioned in the Application are subject to an order entered by the Washington County Circuit Court of the Commonwealth of Virginia which purportedly enjoined Mr. Bays from "removing, withdrawing, spending or depleting any marital funds or other assets, provided this does not prevent the operation of marital companies in the normal course of business" and from "selling, transferring or otherwise dissipating assets of his or her estate without the permission of this Court." Ms. Bays also objects on the basis that the source of the $10,000 deposit was not indicated. She argues that both the $10,000 and the IRA check should be turned over to the Chapter 11 Trustee and held pending further order of this Court or the Circuit Court of Washington County.

On April 12, 2013 the U.S. Trustee also filed an Objection to the Application. The U.S. Trustee objects because the Debtor is not a debtor in possession as he was relieved of that authority upon the appointment of Mr. Vogel as Chapter 11 Trustee. The Objection goes on to state that, "[w]hile a Debtor may employ counsel, such counsel is not employed pursuant to §

4

327 . . . . Moreover, such counsel is not entitled to compensation from the estate." The U.S. Trustee asserts that the Debtor's IRA is property of the estate unless or until exempted and the Debtor did not claim an exemption in the IRA until February 15, 2013. The Chapter 11 Trustee timely objected to that exemption claim and the U.S. Trustee argues that it is likely the Trustee's objection to the exemption will be sustained.[4] By the time the Debtor exempted the IRA he had already withdrawn the funds and therefore did not have an interest in an IRA to exempt. In addition, the U.S. Trustee objects to the Applicant being paid any retainer from property of the estate. Finally, the U.S. Trustee states that the Debtor may hire counsel without seeking approval by the court of such employment under § 327, but any counsel so employed must still comply with 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016. Furthermore, the documents filed do not state whether the Applicants have shared or agreed to share compensation with any outside entity.

On May 6, 2013 Mr. Anderson filed a Response to the Objection of the U.S. Trustee and a Response to the Objection of Ms. Bays. In his Response to the U.S. Trustee's Objection, Mr. Anderson argued that the Debtor still possesses important property rights that require "invocation of unique remedies to protect the interests of the bankruptcy estate and the legal interests of the Debtor." Mr. Anderson believes the authority for this type of relief is found under 11 U.S.C. § 105(a). In response to the U.S. Trustee's assertions regarding the IRA, he states that "the value and nature of property claimed to be exempt is determined as of the date the bankruptcy petition is filed[.]" Mr. Anderson argues that the IRA is exempt because the

---

[4] The Chapter 11 Trustee's Objection to the claim of exemption is set to be heard on May 22, 2013.

5

Debtor listed it on Schedule B and thus a post-petition withdrawal of those funds would remain exempt. The Response to Ms. Bays' Objection incorporates the arguments regarding the IRA. Mr. Anderson also asserts that this Court is not responsible for enforcing "the alleged controlling order in a divorce litigation" and that Ms. Bays is "free to seek redress from the Circuit Court of Washington County[.]"

A hearing was held on May 8, 2013 at which Mr. Anderson, Mr. Foster, on behalf of Ms. Bays, and Mr. Charboneau, on behalf of the U.S. Trustee, all participated and made arguments reiterating their respective positions. In addition, Mr. Vogel, the Chapter 11 Trustee, was present. The Court specifically inquired of Mr. Vogel whether he wished to employ Mr. Anderson's law firm on behalf of the bankruptcy estate and he replied that he did not. Following oral arguments the Court took the matter under advisement.

CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. An Application for Employment is a "core" bankruptcy proceeding pursuant to the particular authority of 28 U.S.C. § 157(b)(2)(A) for "matters concerning the administration of the estate."

11 U.S.C. § 327 addresses under what circumstances the trustee (or debtor in possession under 11 U.S.C. § 1107) may employ a professional person:

> (a) Except as otherwise provided in this section, the trustee, with the
> court's approval, may employ one or more attorneys, accountants,

> appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
>
> (b) If the trustee is authorized to operate the business of the debtor under section 721, 1202, or 1108 of this title, and if the debtor has regularly employed attorneys, accountants, or other professional persons on salary, the trustee may retain or replace such professional persons if necessary in the operation of such business. . . .
>
> (e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

The Application references § 327 in the attached Memorandum of Law, but does not mention a specific subsection. It does appear, based on the prefacing of each of these subsections by the words "the trustee," that they are not applicable to the situation before the Court as the Debtor is no longer a Debtor in Possession with the powers of a trustee in bankruptcy.[5]

In the case of *Lamie v. United States Tr.*, 540 U.S. 526 (2004), the United States Supreme Court addressed an issue similar to the one now before this Court. The case, which originated in the Western District of Virginia, revolved around whether an attorney who represented a debtor in its filing for Chapter 11 could seek compensation from the bankruptcy estate for services rendered after conversion of the case to Chapter 7. The Supreme Court affirmed the decision of the lower courts and held that once the case was converted, counsel for the debtor was not employed pursuant to § 327 and could not be paid out of estate assets. It

---

[5] 11 U.S.C. § 1101(1) provides that in a chapter 11 case "'debtor in possession' means debtor except when a person that has qualified under section 322 of this title is serving as trustee in the case."

made this determination by looking at the text of 11 U.S.C. § 330(a)(1) and stated,

> The statute is awkward, and even ungrammatical; but that does not make it ambiguous on the point at issue. In its first part, the statute authorizes an award of compensation to one of three types of persons: trustees, examiners, and § 327 professional persons. A debtor's attorney not engaged as provided by § 327 is simply not included within the class of persons eligible for compensation. In subsection (A) the statute further defines what type of compensation may be awarded: compensation that is reasonable; and for actual, necessary services; and rendered by four types of persons (the same three plus attorneys). Unless the applicant for compensation is in one of the named classes of persons in the first part, the kind of service rendered is irrelevant.

*Id.* at 534. In other words, if counsel for the debtor in either a Chapter 7 or Chapter 11 case is not employed pursuant to § 327, then the court may not award compensation to such counsel from the assets of the bankruptcy estate. In the *Lamie* case this reasoning was applied in denying the debtor's attorney any compensation for services he provided after the case had been converted to Chapter 7.

The reasoning set forth in *Lamie* was recently applied by the United States District Court for the District of Massachusetts in similar circumstances to those under consideration here in the case of *Harrington v. Nickless (In re Int'l Gospel Party Boosting Jesus Groups, Inc.)*, 487 B.R. 12 (D. Mass. 2013). In *Nickless*, debtor's counsel sought compensation for services rendered on behalf of the debtor in a Chapter 11 case following the appointment of a Chapter 11 Trustee. As in *Lamie*, the court looked to the statutory language of § 330(a):

> Although a prior version of section 330(a) permitted compensation to various professionals, including "the debtor's attorney," 11 U.S.C. § 330(a) (1988), Congress amended the statute in 1994 to remove "the debtor's attorney" from the list of professionals eligible for a fee award, 11 U.S.C. § 330(a) (2006).

*Id.* at 15. The Bankruptcy Court had awarded compensation to the applicant on equitable

grounds because it was a "surplus" case and the creditors had been paid in full. Even under these appealing facts, the District Court reversed the award of compensation and determined that the holding in *Lamie* applied in situations beyond conversion to a Chapter 7. Once a Chapter 11 Trustee is appointed, counsel for the debtor's employment under § 327 is severed. *Id.* A bankruptcy court cannot authorize compensation under § 330(a) for services rendered after that point unless the attorney is employed by the Chapter 11 Trustee pursuant to § 327. In reaching its decision, the court cited and followed two prior post-*Lamie* decisions which had reached the same conclusion denying compensation to debtors' attorneys for services rendered to Chapter 11 debtor clients following the appointment of a Chapter 11 Trustee. *See Morrison v. United States Trs.*, 2010 U.S. Dist. LEXIS 63339 (E.D.N.Y. June 24, 2010) (deciding that an attorney could not be compensated from the estate for work done following the appointment of a Chapter 11 Trustee), and *In re Starbak Inc.*, 2010 Bankr. LEXIS 3593 (Bankr. D. Mass. Sept. 29, 2010) (determining that it is irrelevant that debtor's counsel was retained after the appointment of a Chapter 11 Trustee, counsel could not be compensated from estate assets).

DECISION

The case before this Court is on point with the issue presented in *Nickless*, *Morrison* and *Starbak*. Counsel for the Debtor filed an Application to be Employed under § 327 for which there is no statutory or case authority due to the fact that the Debtor is no longer a debtor in possession. He states in his Application that he will seek payment, at least in part, from assets of the estate. As a Chapter 11 Trustee has been appointed, the Court cannot authorize the use of estate assets to compensate Mr. Anderson or his firm for his services. While

9

the Debtor is free to hire any counsel he wishes, that counsel cannot look to estate assets for remuneration.  While the Court may take action under Code § 105(a) to "carry out the provisions" of the Bankruptcy Code and as may be necessary to prevent an "abuse of process," it has no authority to award relief in contravention of the legal rules which Congress has seen fit to provide and have been duly enacted into law.  The Chapter 11 Trustee has not sought to employ Mr. Anderson or his firm to render services of benefit to the bankruptcy estate and to the contrary he has indicated that he does not wish to do so.  Accordingly, the Court has no choice but to sustain the United States Trustee's Objection and deny the Application.

It bears noting, however, that this decision does not affect the Debtor's right to retain counsel of his choosing.  Indeed, while neither Mr. Anderson nor his firm has filed a notice of appearance in this case on behalf of the Debtor, they as a practical matter have done so by the various pleadings they have filed on his behalf, some of which remain pending.  This ruling only deals with the Application seeking approval of the Court of the firm's employment pursuant to Code § 327 and specifically does not decide collateral issues involving the possible use of certain assets claimed by the Chapter 11 Trustee and/or Ms. Bays as a source of compensation for the Debtor's chosen counsel.  Neither does it decide the effect of the order entered by the Circuit Court of Washington County with respect to any such assets or the proceeds thereof.

An Order in accordance with this Memorandum Decision will be entered contemporaneously herewith.

ENTER this 17th day of May, 2013.

/s/ William F. Stone, Jr.
_____
UNITED STATES BANKRUPTCY JUDGE